**Reggie MCNUTT, Plaintiff–Appellant,**

v.

**Leslie FURCHES, Judge; Randall A. Hutchens, County Attorney; Max Parrish, Deputy Sheriff, Defendants–Appellees.**

**No. 01–5475.**

United States Court of Appeals, Sixth Circuit.

March 21, 2002.

Before BATCHELDER and CLAY, Circuit Judges; CARR, District Judge.*

*ORDER*

This pro se Kentucky litigant appeals a district court judgment dismissing his civil rights action brought under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking eleven million dollars in damages, Reggie McNutt sued Calloway County (Ky.) District Court Judge Leslie Furches, Calloway County Attorney Randall Hutchens, and Calloway County Deputy Sheriff Max Parrish in their individual capacities. McNutt claimed that Judge Furches violated his constitutional rights because she lacked jurisdiction when she issued a search warrant. McNutt claimed that Judge Furches had no jurisdiction to issue the search warrant because the criminal case against him had been held over for the grand jury. McNutt claimed that defendants Hutchens and Parrish somehow engaged in a criminal conspiracy to assist Judge Furches to act beyond her jurisdiction.

The district court granted Judge Furches's motion to dismiss on January 12, 2001, and granted Hutchens's and Parrish's motion to dismiss on April 5, 2001. McNutt appeals.

In his timely appeal, McNutt essentially reasserts the claims that he set forth in the district court.

This court reviews de novo a district court's decision to dismiss a suit pursuant to Rule 12(b)(6). *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir.1998); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). In order to survive a motion to dismiss, the plaintiff's complaint must allege facts, which if proved, would entitle the claimant to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). The court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Sistrunk*, 99 F.3d at 197.

Judge Furches first issued an arrest warrant for McNutt. The warrant's supporting affidavit was signed by McNutt's mother (Corrine McNutt), the alleged vic-

---

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

tim. Corrine McNutt averred that her son misappropriated her money and property while she was hospitalized. The warrant charged McNutt with theft by unlawful taking over $300.00 in violation of Ky.Rev. Stat. § 514.030, and theft by failure to make required disposition over $300.00 in violation of Ky.Rev.Stat. § 514.070. After a preliminary hearing on the charges, Judge Furches bound McNutt over to the Calloway County Grand Jury on one count of theft by failure to make required disposition of property. McNutt testified at the preliminary hearing that he had between $6,000 and $7,000 of Corrine McNutt's money stored in a safe at his residence. Based on McNutt's testimony, defendant Parrish sought and obtained a search warrant.

■ Upon review, we conclude that the district court properly dismissed McNutt's complaint for failure to state a claim. McNutt contends that by completing the preliminary hearing and binding the case over to the Grand Jury, the Calloway County District Court was without jurisdiction to issue a search warrant. McNutt is mistaken. Kentucky Rule of Criminal Procedure 13.10 confers the requisite jurisdiction. The district courts of Kentucky are not divested of jurisdiction to issue search warrants in matters where they might otherwise have no jurisdiction to dispose of pending criminal charges. McNutt cites to no competent authority in support of his claim.

■ Even if McNutt had stated a claim upon which relief can be granted, Judge Furches was performing her judicial function and is thus absolutely immune from suits for monetary damages, *Mireles v. Waco*, 502 U.S. 9, 9–10, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Pierson v. Ray*, 386 U.S. 547, 553–54, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), the Calloway County Attorney similarly enjoys quasi-judicial immunity

for his decision to prosecute McNutt, *Wayte v. United States*, 470 U.S. 598, 608, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985); *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), and the Calloway County Deputy Sheriff is qualifiedly immune. *Malley v. Briggs*, 475 U.S. 335, 344–45, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). Police officers are insulated from a § 1983 action for illegal search and seizure if a warrant has been obtained, unless the warrant application is so lacking in indicia of probable cause that official belief in the existence of probable cause is unreasonable. *Id.* McNutt does not contend that the warrant application lacked indicia of probable cause.

Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the district court's memorandum opinion of April 5, 2001.